Filed 10/26/23  P. v. Robinson CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSHUA ROBINSON,<br><br>　　Defendant and Appellant. | B325214<br><br>Los Angeles County<br>Super. Ct. No. 2PH04820 |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Robert M. Mawahara, Judge Pro Tempore. Affirmed.

　　　A. William Bartz, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Plaintiff and Respondent.

Defendant and appellant Joshua Devin Robinson was convicted of a felony that required him to register as a sex offender under Penal Code section 290. In 2022, the Division of Adult Parole Operations filed a petition in the trial court to revoke Robinson's parole. The petition alleged Robinson was in violation of a parole condition prohibiting him from associating "with any known sex offenders, except as previously approved or instructed by [his] parole agent." Robinson denied the allegation. The case was set for a contested parole revocation hearing.

At the hearing, Robinson's parole agent, Alejandra Rocchi, testified to the following. After agreeing to the above-mentioned parole condition, Robinson was fitted with a G.P.S. monitoring device. In August 2022, using the G.P.S. monitor, Rocchi noticed Robinson was at the home address of a parolee named O'Hara, in Panorama City.[1] Rocchi was also supervising O'Hara at the time, and he too was a registered sex offender under Penal Code section 290. The G.P.S. data showed Robinson was at O'Hara's house for about 2 hours and 28 minutes, from 10:18 a.m. until 12:46 p.m. The data also confirmed O'Hara was home during that time.

Before this incident, Robinson and O'Hara had been in a sex offender group treatment class together. Robinson asked Rocchi for permission to go to O'Hara's house. Rocchi denied Robinson's request, explaining that it would be a violation of his parole.

The trial court found Robinson violated parole by associating with a known sex offender and revoked parole. The court ordered Robinson confined for 145 days in county jail,

_____

1  Rocchi's testimony made no mention of O'Hara's first name.

awarded custody credit, and stated parole would be restored upon completion of the remaining confinement.

Robinson timely appealed, and we appointed counsel to represent him. On May 3, 2023, appellate counsel filed a brief raising no issues and asking us to review the record independently under *People v. Wende* (1979) 25 Cal.3d 436. Robinson did not respond to our letter advising him of his right to file supplemental briefing.

We have examined the entire record, and are satisfied no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 278-279 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The order is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

MORI, J.

ZUKIN, J.

3